WILLIAM JEFTS & wife *vs.* SIMEON D. YORK.

An agent who borrows money on the note of his principal, who, however, has no legal capacity to give a note, is liable to the lender, for money had and re ceived, if the same be demanded before he has paid it over to his principal, or otherwise accounted for it.

THIS was an action of assumpsit for money had and re- ceived. The writ was dated February 22, 1847.

At the trial in this court, before *Metcalf,* J., October term, 1853, the plaintiffs gave in evidence a note of the following tenor: " Lowell, October 14, 1842. For value received, the pastor and deacons of the First Freewill Baptist Church in Lowell, in behalf of said church, promise to pay Betsey Til- ton, or her order, the sum of one hundred dollars, to be paid in two years if called for, by giving two months' notice, with interest. S. D. York, Agent for the First Freewill Baptist Church in Lowell."

It was admitted by the defendant that the payee of said note, after it was made, was married to William Jefts, who joins with her in this action. The plaintiffs introduced Dan- iel Varnum as a witness, who testified that, in the year 1847, he went with said William Jefts to Windham, New Hamp- shire, where the defendant then resided; that said Jefts pre- sented said note to the defendant, and asked him if he was willing to pay it, and the defendant said he would not; said Jefts then asked him if he ever calculated to pay it at all; the defendant said he intended to pay her at any time, on a month's notice; the defendant then asked Jefts not to put him (the defendant) to costs, till he should have time to go to Lowell to see whether he was bound to pay the note or not, and told Jefts that he would write to him on the subject after going to Lowell, and if he was obliged to pay the note, he could as well pay it without costs as with.

The defendant introduced several witnesses, whose testi- mony had a tendency to prove that he was the agent of the First Freewill Baptist Society in Lowell, and that he had

paid over to said society, or its officers, the one hundred dollars which it was admitted that the female plaintiff put into his hands when he gave her said note.

Mrs. Ruth Jepson, a witness called by the defendant, testified that she knew Betsey Tilton (now Mrs. Jefts) as early as 1837 ; that she was then and afterwards a teacher in the Sunday school connected with the said Freewill Baptist Church , that, in 1839 or 1840, she became a member of said church, and she afterwards generally attended its meetings; that the witness had seen her at the business meetings of the church; that she took an active part in soliciting subscriptions to assist the church in purchasing a meeting-house of the proprietors or corporation then owning it; that she stated to the witness that she had subscribed a certain sum to assist the church for that purpose.

The defendant produced the records of said church, in which was an entry, stating that Betsey Tilton was admitted as a member thereof on the 1st of March, 1840. The defendant also showed on the record the following entry : " 1842. October 1st. Church met according to adjournment. 1. Chose S. D. York agent, and Jonathan Woodman and Cyrus Latham assistant agents, to transact the business of the church in receiving moneys and deposit-notes, according to agreement with said corporation, and pay out for the same."

On this evidence, the defendant's counsel contended that, in the absence of proof to the contrary, the law presumed that the defendant, in due time, appropriated the money received of the female plaintiff tc the use of the church; and that, without proof that he retained the money, or appropriated it to his own use, the plaintiffs could not maintain this action ; that the female plaintiff and the defendant should be regarded as having equal knowledge of the law of agency, and that her knowledge of the facts was sufficiently proved by showing that she, at the date of said note, was a member of said church.

The judge instructed the jury that the church had no authority to give the note in question ; and that if the defendant had received the money of the female plaintiff for which the

17 *

note was given, and had not paid it over to, or for the use of, the church, before this action was commenced, the verdict should be for the plaintiffs. The judge also read to the jury, as a part of his instructions, from the opinion of the court on a former trial of this case, in which it was decided, that this Freewill Baptist Church, not being a corporation, had no power to make a promissory note in their aggregate name, and that the defendant had no authority, as their agent, to bind them by a note, purporting to be made by him as their agent. See 10 Cush. 394 *& seq.* A verdict was returned for the plaintiffs. To the foregoing instructions the defendant alleged exceptions.

*R. B. Caverley*, for the defendant. 1. The burden of proof in this case was upon the plaintiffs, to prove, first, that the payee of the note was deceived or misled by the defendant; secondly, that the defendant had in some way appropriated the money to his own use, or at least had not paid it over to his supposed principal. Both of these positions he should have proved in order to maintain this action. But there was no evidence to establish either of them.

2. The law would presume that the defendant paid over the money to his supposed principal in due time; and this principle, which was contended for by the defendant, as it seems, was lost sight of by the jury; for the verdict, under the instructions of the court, was rendered against this presumption.

3. The charge of the judge was specific, and yet it made no allusion to the want of proof of deceit, real or constructive, in obtaining the money; which, if proved, would have been the only element on which the plaintiffs' action could be sustained. The instruction to the jury assumed in effect either that deceit was established beyond controversy, or that it was wholly immaterial.

4. The payee of the note and the defendant are alike presumed to know the law, and should be regarded as having equal information as to the law of agency.

5. It appears in the case that the payee of the note had knowledge of all the facts, equally with the defendant, at least. It was sufficient for the defendant, on this point, that

she was a church-member at the date of the note. The records showed that she was a member of the church, and the case also finds that she subscribed to pay money, and that she solicited donations to effect the same object for which the money was loaned, and on which the note in the suit was given.

*B. F. Butler*, for the plaintiffs. 1. The verdict of the jury, under the instructions of the court, finds that, in 1842, the defendant, without any authority from the principal, for whom he pretended to be acting, received a sum of money which, in 1847, he had neither paid over to this principal or to his use, and which he did not pay over after demand by the plaintiffs, but still retains in his own hands. Will money had and received lie for that sum ? This is an equitable action ; privity of contract is not necessary to sustain it. *Wiseman* v. *Lyman,* 7 Mass. 289 ; *Mason* v. *Waite,* 17 Mass. 563 ; *Jefts* v. *York,* 10 Cush. 392.

2. Where an agent has received money to which his principal has no right, and has not paid it over till after notice, this action lies. *Garland* v. *Salem Bank,* 9 Mass. 408.

3. The presumption of the payment over, which is claimed by the defendant, is a presumption of· fact, and not of law, and was rightly left to the jury on the conflicting testimony. It is the duty of every man to pay over money when it is due, but the law never presumes payment, until the time fixed by statute, but leaves the fact to the jury from lapse of time. Besides ; the defendant did not claim, when the money was demanded, that he had paid over the same.

4. Showing that the female plaintiff was a member of the church, did not show that she knew the facts, but only was in a situation where she might have known them ; and that question was submitted to the jury.

5. But could any knowledge be material, when the jury found that he still has the money, neither paying it over to the church or the plaintiffs ?

By the Court. The instructions were right. If the defendant professed to act, and borrow money, and give a note for it, which is a nullity, for a body not incorporated, and

having no power to contract, and before paying it over to such unincorporated associates, the lender demands it back, it must be deemed to be money advanced to the agent, on a consideration which has failed, and therefore must be deemed in law money had and received to the lender's use, and money had and received will lie for it. Such was the direction, in matter of law, under which the case was submitted to the jury. By their finding it appears that it had not been so paid over or applied, when demanded back by the plaintiffs.

*Exceptions overruled.*